# Exhibit 1

## CLIMATE CHANGE COALITION COMMON INTEREST AGREEMENT

This Common Interest Agreement ("Agreement") is entered into by the undersigned Attorneys General of the States, Commonwealths, and Territories (the "Parties") who are interested in advancing their common legal interests in limiting climate change and ensuring the dissemination of accurate information about climate change. The Parties mutually agree:

1. Common Legal Interests. The Parties share common legal interests with respect to the following topics: (i) potentially taking legal actions to compel or defend federal measures to limit greenhouse gas emissions, (ii) potentially conducting investigations of representations made by companies to investors, consumers and the public regarding fossil fuels, renewable energy and climate change, (iii) potentially conducting investigations of possible illegal conduct to limit or delay the implementation and deployment of renewable energy technology, (iv) potentially taking legal action to obtain compliance with federal and state laws governing the construction and operation of fossil fuel and renewable energy infrastructure, or (v) contemplating undertaking one or more of these legal actions, including litigation ("Matters of Common Interest").

2. Shared Information. It is in the Parties' individual and common interests to share documents, mental impressions, strategies, and other information regarding the Matters of Common Interest and any related investigations and litigation ("Shared Information"). Shared Information shall include (1) information shared in organizing a meeting of the Parties on March 29, 2016, (2) information shared at and after the March 29 meeting, pursuant to an oral common interest agreement into which the Parties entered at the meeting and renewed on April 12, 2016, and (3) information shared after the execution of this Agreement.

3. Legends on Documents. To avoid misunderstandings or inadvertent disclosure, all documents exchanged pursuant to this Agreement should bear the legend "Confidential – Protected by Common Interest Privilege" or words to that effect. However, the inadvertent failure to include such a legend shall not waive any privilege or protection available under this Agreement or otherwise. In addition, any Party may, where appropriate, also label documents exchanged pursuant to this Agreement with other appropriate legends, such as, for example, "Attorney-Client Privileged" or "Attorney Work Product." Oral communications among the Parties shall be deemed confidential and protected under this Agreement when discussing Matters of Common Interest.

4. Non-Waiver of Privileges. The exchange of Shared Information among Parties including among Parties' staff and outside advisors – does not diminish in any way the privileged and confidential nature of such information. The Parties retain all applicable privileges and claims to confidentiality, including the attorney client privilege, work product privilege, common interest privilege, law enforcement privilege, deliberative process privilege and exemptions from disclosure under any public records laws that may be asserted to protect against disclosure of Shared Information to non-Parties (hereinafter collectively referred to as "Privileges").

1

5.  **Nondisclosure.** Shared Information shall only be disclosed to: (i) Parties; (ii) employees or agents of the Parties, including experts or expert witnesses; (iii) government officials involved with the enforcement of antitrust, environmental, consumer protection, or securities laws who have agreed in writing to abide by the confidentiality restrictions of this Agreement; (iv) criminal enforcement authorities; (v) other persons, provided that all Parties consent in advance; and (vi) other persons as provided in paragraph 6. A Party who provides Shared Information may also impose additional conditions on the disclosure of that Shared Information. Nothing in this Agreement prevents a Party from using the Shared Information for law enforcement purposes, criminal or civil, including presentation at pre-trial and trial-related proceedings, to the extent that such presentation does not (i) conflict with other agreements that the Party has entered into, (ii) interfere with the preservation of the Privileges, or (iii) conflict with court orders and applicable law.

6.  **Notice of Potential Disclosure.** The Parties agree and acknowledge that each Party is subject to applicable freedom of information or public records laws, and nothing in this Agreement is intended to alter or limit the disclosure requirements of such laws. If any Shared Information is demanded under a freedom of information or public records law or is subject to any form of compulsory process in any proceeding ("Request"), the Party receiving the Request shall: (i) immediately notify all other Parties (or their designees) in writing; (ii) cooperate with any Party in the course of responding to the Request; and (iii) refuse to disclose any Shared Information unless required by law.

7.  **Inadvertent Disclosure.** If a Party discloses Shared Information to a person not entitled to receive such information under this Agreement, the disclosure shall be deemed to be inadvertent and unintentional and shall not be construed as a waiver of any Party's right under law or this Agreement. Any Party may seek additional relief as may be authorized by law.

8.  **Independently Obtained Information.** Provided that no disclosure is made of Shared Information obtained pursuant to this Agreement, nothing in this Agreement shall preclude a Party from (a) pursuing independently any subject matter, including subjects reflected in Shared Information obtained by or subject to this Agreement or (b) using or disclosing any information, documents, investigations, or any other materials independently obtained or developed by such Party.

9.  **Related Litigation.** The Parties continue to be bound by this Agreement in any litigation or other proceeding that arises out of the Matters of Common Interest.

10. **Parties to the Agreement.** This Agreement may be executed in counterparts. All potential Parties must sign for their participation to become effective.

11. **Withdrawal.** A Party may withdraw from this Agreement upon thirty days written notice to all other Parties. Withdrawal shall not terminate, or relieve the withdrawing Party of any obligation under this Agreement regarding Shared Information received by the withdrawing Party before the effective date of the withdrawal.

12. **Modification.** This writing is the complete Agreement between the Parties, and any modifications must be approved in writing by all Parties.

Dated: May 18, 2016

*Michele Van Gelderen*
Michele Van Gelderen
Supervising Deputy Attorney General
Consumer Law Section
Office of Attorney General Kamala D. Harris
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel. (213) 897-2000

OAG000187

Matthew I. Levine
Assistant Attorney General
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06106

/s/

Elizabeth Wilkins
Senior Counsel to the Attorney General*
Office of the Attorney General for the District of
Columbia
441 4th Street N.W. Suite 1100S
Washington, D.C. 20001
(202) 724-5568
elizabeth.wilkins@dc.gov

*Admitted to practice only in Maryland. Practicing in the
District of Columbia under the direct supervision of Natalie O.
Ludawey, a member of the D.C. Bar pursuant to D.C. Court of
Appeals Rule 49(c).

OAG000189

Dated: May 2, 2016

James P. Gignac
Environmental and Energy Counsel
Illinois Attorney General's Office
69 W. Washington St., 18th Floor
Chicago, IL 60602
(312) 814-0660
jgignac@atg.state.il.us

6

Dated: April 29, 2016

                                        CHRISTOPHE COURCHESNE
                                        Assistant Attorney General
                                        Chief, Environmental Protection Division
                                        One Ashburton Place
                                        Boston, MA 02108
                                        christophe.courchesne@state.ma.us

OAG000191

Dated: _____, 2016         _____
                                    Joshua N. Auerbach
                                    Assistant Attorney General
                                    200 Saint Paul Place
                                    Baltimore, Maryland 21202
                                    (410) 576-6311
                                    jauerbach@oag.state.md.us

Dated: _May 5_____, 2016

                                                                                 Gerald D. Reid
                                                                                 Assistant Attorney General
                                                                                 Chief, Natural Resources Division
                                                                                 Maine Office of the Attorney General
                                                                                 (207) 626-8545
                                                                                 jerry.reid@maine.gov

Signature: /s/ Karen D. Olson   Date: 5/16/16

Karen D. Olson
Deputy Attorney General
Minnesota Attorney General's Office
445 Minnesota Street, Suite 900
St. Paul, MN 55101
(651) 757-1370
karen.olson@ag.state.mn.us


Dated: April 21, 2016

JOSEPH A. FOSTER, ATTORNEY GENERAL
K. Allen Brooks, Senior Assistant Attorney General
33 Capitol Street
Concord, NH 03301
(603) 271-3679
allen.brooks@doj.nh.gov

11

Dated: _____, 2016         _____
                                    Tania Maestas
                                    Deputy Attorney General Civil Affairs
                                    Office of the New Mexico Attorney General
                                    PO Drawer 1508
                                    Santa Fe, NM 87504

Dated: May 2, 2016

*Monica Wagner* (signature)

Monica Wagner
Deputy Chief
Environmental Protection Bureau
Office of the Attorney General of New York
120 Broadway, 26th floor
New York, NY 10271
212-416-6351

Dated: April 29, 2016

/s/ Paul Garrahan

Paul Garrahan
Attorney-in-Charge | Natural Resources Section |
General Counsel Division
Oregon Department of Justice
1162 Court St. NE, Salem, OR 97301-4096
971.673.1943 (Tue, Thu, Fri) (Portland)
503.947.4593 (Mon, Wed) (Salem)
503.929.7553 (Mobile)

14

Dated: April 28, 2016

Gregory S. Schultz
Special Assistant Attorney General
Rhode Island Department of Attorney General
150 South Main Street Providence, RI 02903
Tel.: (401) 274-4400, Ext. 2400

Dated: May 9, 2016

*Rhodes B. Ritenour*  5/9/16
Rhodes B. Ritenour
Deputy Attorney General
Civil Litigation Division
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Office: (804) 786-6731
E-mail: RRitenour@oag.state.va.us

*John W. Daniel*  5/5/16
John W. Daniel
Deputy Attorney General
Commerce, Environmental, and Technology Division
Office of the Attorney General
900 East Main Street
Richmond, VA 23219
Office: (804) 786-6053
E-mail: JDaniel@oag.state.va.us

Dated: May 10th, 2016

*[signature]*
Renee A. Gumbs, Esq.
Deputy Attorney General
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd flr.
St. Thomas, VI 00802
(340) 774-5666, ext. 101
(340) 776-3494 (Fax)
Renee.gumbs@doj.vi.gov

17

Dated: April 29, 2016

Nicholas F. Persampieri
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802)-828-6902
nick.persampieri@vermont.gov

Dated: _May 1_, 2016

_/s/ L. Watson_
Laura J. Watson
Senior Assistant Attorney General
Washington State Office of the Attorney General
(360)-586-6743
Laura.watson@atg.wa.gov