UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA

    Plaintiff,

  v.

EXXON MOBIL CORP., *et al.*

    Defendants.

Civil Action No. 20-1932 (TKJ)

**PLAINTIFF DISTRICT OF COLUMBIA'S RESPONSE TO
AND MOTION TO STRIKE DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff District of Columbia respectfully submits this response to Defendants' Notice of Supplemental Authority (Dkt. 66). Defendants' submission is irrelevant to the instant case and improper for three reasons.

*First*, the "Supplemental Authority" offers no authority. Instead, Defendants submitted an amicus brief, which itself contains no new or relevant authorities. It is not a judicial precedent, nor is it the type of statutory interpretation that is entitled to any deference by the courts. Defendants merely seek to improperly supplement their argument. *See Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 9 n.5 (D.D.C. 2007) (striking a response to supplemental authority as an improper surreply submitted without leave of court); *Oceana, Inc. v. Pritzker*, Case No. 08-1881(PLF), 2014 WL 3907795 (D.D.C. Aug 12, 2014) (striking supplemental authority because it

1

was irrelevant, an attempt to supplement argument after close of briefing, and had no bearing on the case).[1]

***Second***, had the United States elected to file an amicus brief in this particular case, it could have done so as a matter of right. *See* LCvR7(o). The United States did not do so, and any other amicus may be filed "only upon leave of Court." *Id*.

***Third***, the United States' amicus brief is not relevant to any disputed issue in the Motion for Remand, which is already fully briefed. *See* Dkt. 46, 51, 63. The only issue before the Supreme Court in *Mayor & City Council of Baltimore v. BP P.L.C.* involves the scope of appellate jurisdiction over a district court's order remanding a case to state court. 952 F.3d 452 (4th Cir. 2020), *cert. granted*, No. 19-1189, 2020 WL 5847132 (U.S. Oct. 2, 2020). As framed by the petitioners, including Defendants here, the question presented is:

> Whether 28 U.S.C. 1447(d) permits a court of appeals to review any issue encompassed in a district court's order remanding a removed case to state court where the removing defendant premised removal in part on the federal-officer removal statute, 28 U.S.C. 1442, or the civil rights removal statute, 28 U.S.C. 1443.

Petition for a Writ of Certiorari at I, *BP p.l.c., et al., v. Mayor & City Council of Baltimore*, No. 19-1189 (U.S. Mar. 31, 2020). The question presented does not involve *Grable*[2] or federal common law jurisdiction, nor any other merits issue before this Court, or even before the district court in *Baltimore*. Although the *Baltimore* petitioners have improperly invited the Supreme Court to address the merits of their federal common law removal argument, that question is not even properly before the Court. *See* Supreme Court Rule 14.1(a) ("Only the questions set out in the

---

[1] Note that although the stricken supplemental filing in *Oceana* was nevertheless susceptible to judicial notice, judicial notice here of a document filed in another court is not proper for any of the arguments made therein. *Fox Television Studios, Inc. v. FilmOn X LLC*, 966 F. Supp. 2d. 30, 42–43 (D.D.C. 2013).

[2] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

petition . . . will be considered by the Court."). Even if the Supreme Court overrules the lower court, it will doubtless hold to its practice of declining to reach issues not addressed by the courts of appeal below, and will not reach any merits issues. *See, e.g.*, *Ret. Plans Comm. of IBM v. Jander*, 140 S. Ct. 592, 595 (2020). For these reasons, Defendants' submission should not be accorded any weight.

Respectfully Submitted,

Dated:  December 23, 2020

**KARL A. RACINE**
**Attorney General for the District of Columbia**

By:   */s/ Kathleen Konopka*

KATHLEEN KONOPKA [5531538]
  Deputy Attorney General
  Public Advocacy Division
JIMMY R. ROCK [493521]
  Assistant Deputy Attorney General
  Public Advocacy Division
BENJAMIN M. WISEMAN [1005442]
  Director, Office of Consumer Protection
DAVID S. HOFFMANN [983129]
  Assistant Attorney General
441 4th St., N.W.
Washington, DC 20001
(202) 741-5226
kathleen.konopka@dc.gov
jimmy.rock@dc.gov
benjamin.wiseman@dc.gov
david.hoffmann@dc.gov

By:   */s/ Matthew K. Edling*
VICTOR M. SHER (*pro hac vice*)
MATTHEW K. EDLING [1020217]
**SHER EDLING LLP**
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
(628) 231-2500
vic@sheredling.com
matt@sheredling.com

3

HASSAN A. ZAVAREEI [456161]
ANNA C. HAAC [979449]
KATHERINE M. AIZPURU [1022412]
KRISTEN G. SIMPLICIO [977556]
**TYCKO & ZAVAREEI, LLP**
1828 L Street NW, Suite 1000
Washington, DC 20036
(202) 973-0900
hzavareei@tzlegal.com
ahaac@tzlegal.com
kaizpuru@tzlegal.com
ksimplicio@tzlegal.com

*Attorneys for the District of Columbia*
