# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA

        Plaintiff,

    v.

EXXON MOBIL CORP., *et al.*

        Defendants.

Civil Action No. 20-1932 (TJK)

## PLAINTIFF DISTRICT OF COLUMBIA'S
## NOTICE OF SUPPLEMENTAL AUTHORITY
## AND REQUEST FOR A STATUS CONFERENCE

Plaintiff District of Columbia hereby notifies the Court of supplemental authority with respect to its Motion to Remand (Dkt. 46). On February 8, 2022, the Tenth Circuit affirmed a district court order granting remand in a climate change-related case by several municipalities asserting state-law claims against fossil fuel industry entities. *Board of County Commissioners of Boulder County v. Suncor Energy (U.S.A.) Inc.*, No. 19-1330, 2022 WL 363986 (10th Cir. Feb. 8, 2022) (**Ex. A**) ("Order"). The court analyzed and rejected many of the same removal theories Defendants assert here:

- **Federal-Officer Removal.** *See* Order at 11–19 (rejecting defendants' arguments that they acted under the direction of federal officers by developing oil and gas under federal leases).

- **Federal Common Law.** *See* Order at 25–32. "[T]he federal common law of nuisance that formerly governed transboundary pollution suits *no longer exists* due to Congress's displacement of that law through the [Clean Air Act]." *Id.* at 30. "Thus, the question is

whether the federal act that displaced the federal common law preempt[s] the state-law claims." *Id.* at 31. The court then held there was no complete preemption, reasoning that the Clean Air Act "goes so far out of its way to preserve state prerogatives" and "cannot be said to be an expression of Congress's extraordinary preemptive power to convert state-law into federal-law claims." *See id.* at 37. The court also rejected the argument that there are exceptions to the well-pleaded complaint rule other than complete preemption and the *Grable* doctrine. *Id.* at 34 ("[A]t this stage of the proceedings, we do not look behind those allegations" where the plaintiffs "have pleaded only state-law causes of action.").

- *Grable* **Substantial Federal Question Doctrine.** *See* Order at 40–51. The court rejected arguments that there are substantial federal questions because of foreign affairs interference or federal regulatory schemes addressing emissions and fossil fuel production. "The [plaintiffs] can prevail on their claims without proving any issue of federal law because the success of those claims is grounded in traditional state-law causes of action and does not depend on any federal policy or regulation." *Id.* at 44.

- **Federal Enclave.** *See* Order at 51–53. "[F]ederal enclave jurisdiction generally requires that all pertinent events t[ake] place on a federal enclave," which was not satisfied where one federal enclave "[wa]s mentioned nowhere in the[] Amended Complaint," another enclave was mentioned "only in passing," and all injuries arose exclusively on non-federal land. *Id.* at 51–52.

- **Outer Continental Shelf Lands Act ("OCSLA") Jurisdiction.** *See* Order at 53–60. "OCSLA jurisdiction is founded on only injuries arising *directly* out of physical activities on the OCS or disputes *directly* involving OCS activities." *Id.* at 54. "The [plaintiffs] largely challenge the Energy Companies' sale and deceptive promotion of fossil fuels,

activities that have no direct connection to Exxon's *production* of fossil fuels on the OCS." *Id.* at 57. The "chain of contingencies" between the claims and impairment of recovery of OCS resources was "too uncertain, speculative, and hypothetical to serve as a jurisdictional hook." *Id.* at 60.

Plaintiff additionally requests that the Court convene a status conference to address any questions the Court may have regarding Plaintiff's pending Motion to Remand.

Respectfully Submitted,

Dated: February 15, 2022      **KARL A. RACINE**
**Attorney General for the District of Columbia**

By:      /s/      *Kathleen Konopka*

KATHLEEN KONOPKA [5531538]
   Deputy Attorney General
   Public Advocacy Division
JIMMY R. ROCK [493521]
   Assistant Deputy Attorney General
   Public Advocacy Division
BENJAMIN M. WISEMAN [1005442]
   Director, Office of Consumer Protection
DAVID S. HOFFMANN [983129]
   Assistant Attorney General
441 4th St., N.W.
Washington, DC 20001
(202) 741-5226
kathleen.konopka@dc.gov
jimmy.rock@dc.gov
benjamin.wiseman@dc.gov
david.hoffmann@dc.gov

By:      /s/      *Matthew K. Edling*

VICTOR M. SHER (*pro hac vice*)
MATTHEW K. EDLING [1020217]
KATIE H. JONES (*pro hac vice*)
QUENTIN C. KARPILOW [1659323]
**SHER EDLING LLP**
100 Montgomery St., Ste. 1410
San Francisco, CA 94104

(628) 231-2500
vic@sheredling.com
matt@sheredling.com
katie@sheredling.com
quentin@sheredling.com

HASSAN A. ZAVAREEI [456161]
ANNA C. HAAC [979449]
KRISTEN G. SIMPLICIO [977556]
**TYCKO & ZAVAREEI, LLP**
1828 L Street NW, Suite 1000
Washington, DC 20036
(202) 973-0900
hzavareei@tzlegal.com
ahaac@tzlegal.com
ksimplicio@tzlegal.com

*Attorneys for the District of Columbia*