UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>        Plaintiff,<br><br>  v.<br><br>EXXON MOBIL CORP., EXXONMOBIL OIL CORPORATION, ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, BP P.L.C., BP AMERICA INC., CHEVRON CORPORATION, CHEVRON U.S.A. INC.,<br><br>        Defendants. | Civil Action No. 1:20-cv-01932-TJK |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants write in response to the Attorney General's notice of supplemental authority regarding the Ninth Circuit's decision in *County of San Mateo* v. *Chevron Corp.*, No. 18-15499, 2022 WL 1151275 (9th Cir. Apr. 19, 2022).[1]  The D.C. Circuit has not yet addressed the issues relevant to the pending motion to remand in this case, and the Ninth Circuit's decision in *San Mateo* is neither controlling nor persuasive for the reasons described below.  The defendants in *San Mateo* intend to petition for rehearing *en banc* and, depending on the outcome of that petition, a petition for a writ of certiorari seeking the Supreme Court's review of the Ninth Circuit's decision.

*First*, the Ninth Circuit misapprehended the defendants' arguments, stating incorrectly that defendants "argue that the Counties' global-warming claims arise under federal common law and

---

[1] By filing this response, Defendants do not waive any right, defense, affirmative defense, or objection, including any challenges to personal jurisdiction over Defendants.

1

are removable under two exceptions to the well-pleaded complaint rule: (1) the exception articulated in *Grable*; and (2) the doctrine of complete preemption." 2022 WL 1151275, at *4. But as Defendants here have explained, and numerous other courts have held, federal common law provides an *independent* basis for federal jurisdiction "because a claim that 'arise[s] under federal common law' is 'a permissible basis for jurisdiction based on a federal question.'" ECF No. 51 at 11 (quoting *Treiber & Straub, Inc.* v. *U.P.S., Inc.*, 474 F.3d 379, 383 (7th Cir. 2007)).

*Second*, the Ninth Circuit also failed to address the Second Circuit's decision in *City of New York* v. *Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021). The Second Circuit expressly held that federal common law governs suits "seeking to recover damages for the harms caused by global greenhouse gas emissions," as the Attorney General's does here. *City of New York*, 993 F.3d at 91. By contrast, the Ninth Circuit held that, even assuming the claims implicate federal common law, the Clean Air Act had "displaced" the federal common law of interstate pollution and therefore rendered removal jurisdiction impermissible by somehow empowering state law to govern in areas where it has never before permissibly extended. 2022 WL 1151275, at *5.

The Ninth Circuit's reasoning erroneously conflates the merits of the claims with the court's jurisdiction. As *City of New York* illustrates, although the Clean Air Act displaces any remedy under federal common law, it does not displace the entire source of law altogether. 993 F.3d at 95 & n.7. Whether a party can obtain a remedy under federal common law is a *merits* question distinct from the *jurisdictional* question of whether federal common law supplies the rule of decision in the first instance. *See Oneida Indian Nation* v. *County of Oneida*, 414 U.S. 661, 675 (1974). Moreover, as the Second Circuit explained, displacement of federal common law by a legislative standard under the Clean Air Act does not render state law "competent to address" disputes concerning interstate pollution. *City of New York*, 993 F.3d at 98; *see Tex. Indus., Inc.* v.

2

*Radcliff Materials, Inc.*, 451 U.S. 630, 640–41 (1981) (Where "uniquely federal interests" warrant application of federal common law, it is "inappropriate for state law to control."). Indeed, such a result would be "too strange to seriously contemplate." *City of New York*, 993 F.3d at 99.

*Third*, the Ninth Circuit declined to exercise *Grable* jurisdiction because it concluded that the plaintiffs' state-law tort claims in that case did not "raise a substantial question of federal law." 2022 WL 1151275, at *5. There is *Grable* jurisdiction here because Defendants' liability for alleged consumer deception turns on statements to federal policymakers, on federal promotion of fossil fuels, and on foreign policy judgments, all of which necessarily implicate substantial and disputed questions of federal law. *See* ECF No. 51 at 22–26.

*Fourth*, *San Mateo* confirms that the legal standard for federal officer jurisdiction is satisfied where, as here, a defendant supplies a product that is "used to help conduct a war." 2022 WL 1151275, at *12 (quoting *Watson* v. *Philip Morris Companies, Inc.*, 551 U.S. 142, 154 (2007)). In this case, Defendants have demonstrated that federal officers "extensively supervised and controlled Defendants' production of fossil fuels and development of specialized military products in support of multiple war efforts." ECF No. 51 at 35. This evidence was not before the Ninth Circuit which, like the Fourth and Tenth Circuits before it, considered a more limited record. *See San Mateo*, 2022 WL 1151275, at *13–15; *Mayor and City Council of Baltimore* v. *BP P.L.C.*, No. 19-1644, 2022 WL 1039685, at *28 (4th Cir. Apr. 7, 2022); *Bd. of Cnty. Comm'rs of Boulder Cnty.* v. *Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1253 (10th Cir. 2022).

*Fifth*, the Ninth's Circuit federal enclave analysis is inapposite. There, the court held that plaintiffs had "not alleged that their claims are based on torts taking place on a federal enclave." 2022 WL 1151275, at *7. Here, by contrast, the Attorney General seeks to hold Defendants liable for fossil fuel sales, in addition to climate-related injuries, in the District of Columbia, including

3

those taking place directly on federal enclaves such as the Army Air Force Exchange Service Express stations at U.S. Army Fort Lesley J. McNair and Joint Base Anacostia-Bolling. *See* ECF No. 51 at 29–30.

*Sixth*, although the Ninth Circuit declined to hold that the Outer Continental Shelf Lands Act ("OCSLA") requires "but for" causation to establish jurisdiction, it applied an even more stringent standard, requiring that plaintiff's claims arise from actions or injuries occurring on the Outer Continental Shelf ("OCS"). 2022 WL 1151275, at *10–11. This holding is inconsistent with the "broad" jurisdictional sweep of OCSLA, *Barker* v. *Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013), which Congress intended to "extend to the entire range of legal disputes" that may "arise relating to resource development" on the OCS, *Laredo Offshore Constructors, Inc.* v. *Hunt Oil Co.*, 754 F.2d 1223, 1228 (5th Cir. 1985) (cleaned up). In any event, the Attorney General's own Complaint repeatedly identifies "unabated" and "expanded" oil and gas extraction as increasing greenhouse gas emissions and contributing to the District's climate-related injuries. ECF No. 1-14 ¶¶ 2, 101. That challenged conduct necessarily sweeps in Defendants' significant oil extraction activities on the OCS.

*Finally*, unlike here, *San Mateo* did not involve removal based on diversity jurisdiction or the Class Action Fairness Act. The Ninth Circuit's decision, therefore, has no bearing on those independent bases for removal.

4

DATED: May 3, 2022

Respectfully submitted,

By: */s/ Theodore V. Wells, Jr.*

Theodore V. Wells, Jr. (D.C. Bar No. 468934)
Daniel J. Toal (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
E-mail: twells@paulweiss.com
E-mail: dtoal@paulweiss.com

Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7321
Fax: (202) 223-7420
E-mail: janderson@paulweiss.com

Patrick J. Conlon, (D.C. Bar No. 414621)
EXXON MOBIL CORPORATION
22777 Springwoods Village Parkway
Spring, TX 77389
Tel: (832) 624-6336
E-mail: patrick.j.conlon@exxonmobil.com

Craig Thompson (D.C. Bar No. 500168)
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7605
Fax: (410) 244-7742
E-mail: cathompson@venable.com

*Attorneys for Defendants
EXXON MOBIL CORPORATION and
EXXONMOBIL OIL CORPORATION*

By: */s/ Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr. (D.C. Bar No. 420440)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
E-mail: tboutrous@gibsondunn.com

Thomas G. Hungar (D.C. Bar No. 447783)
Joshua S. Lipshutz (D.C. Bar No. 1033391)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
Tel: (202) 955-8500
E-mail: thungar@gibsondunn.com
E-mail: jlipshutz@gibsondunn.com

*Attorneys for Defendants CHEVRON CORP.
and CHEVRON U.S.A., INC.*

By: */s/ James W. Cooper*

James W. Cooper (D.C. Bar. No. 421169)
Ethan Shenkman (D.C. Bar No. 454971)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel: (202) 942-5267
Fax: (202) 942-5999
E-mail: ethan.shenkman@arnoldporter.com
E-mail: james.w.cooper@arnoldporter.com

Nancy G. Milburn (*pro hac vice*)
Diana E. Reiter (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710

By: */s/ David C. Frederick*

David C. Frederick (D.C. Bar No. 431864)
Grace W. Knofczynski (D.C. Bar. No. 1500407)
Daniel S. Severson (D.C. Bar No. 208807)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
E-mail:  dfrederick@kellogghansen.com
E-mail:  gknofczynski@kellogghansen.com
E-mail:  dseverson@kellogghansen.com

*Attorneys for Defendants SHELL PLC (F/K/A ROYAL DUTCH SHELL PLC) and SHELL USA, INC. (F/K/A SHELL OIL COMPANY)*

Tel:  (212) 836-8383
Fax:  (212) 836-8689
E-mail:  nancy.milbum@arnoldporter.com
E-mail:  diana.reiter@arnoldporter.com

John D. Lombardo (*pro hac vice*)
Matthew T. Heartney (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel:  (213) 243-4120
Fax:  (213) 243-4199
E-mail:  john.lombardo@arnoldporter.com
E-mail: matthew.heartney@arnoldporter.com

Jonathan W. Hughes (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel:  (415) 471-3156
Fax:  (415) 471-3400
E-mail:  jonathan.hughes@arnoldporter.com

*Attorneys for Defendants BP PLC and BP AMERICA INC.*

**CERTIFICATE OF SERVICE**

     I hereby certify that, on May 3, 2022, I caused the foregoing Response to Plaintiff's Notice of Supplemental Authority to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.3 to all counsel of record.

                                                    */s/ Theodore V. Wells, Jr.*
                                                    Theodore V. Wells, Jr. (D.C. Bar No. 468934)