**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORP., EXXONMOBIL OIL CORPORATION, ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, BP P.L.C., BP AMERICA INC., CHEVRON CORPORATION, CHEVRON U.S.A. INC.,<br><br>Defendants. | Civil Action No. 1:20-cv-01932-TJK |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants write in response to the Attorney General's notice of supplemental authority regarding the First Circuit's decision in *State of Rhode Island* v. *Shell Oil Products L.L.C.*, 35 F.4th 44 (1st Cir. 2022).[1] The D.C. Circuit has not yet addressed the issues relevant to the pending motion to remand in this case, and the First Circuit's decision in *Rhode Island* is neither controlling nor persuasive for the reasons described below. The defendants in *Rhode Island* intend to file a petition for rehearing *en banc* and, depending on the outcome of that petition, a petition for a writ of certiorari seeking the Supreme Court's review.

*First*, the First Circuit erroneously held that the plaintiffs' claims were not removable, even if they implicate federal common law, because the Clean Air Act had displaced the federal common law of interstate pollution, therefore somehow empowering state law to govern in areas

---

[1] By filing this response, Defendants do not waive any right, defense, affirmative defense, or objection, including any challenges to personal jurisdiction over Defendants.

where it has never permissibly extended. *See Rhode Island*, 35 F.4th at 53–56. That reasoning conflates the merits of the claims with the court's jurisdiction. Although the Clean Air Act displaces any *remedy* under federal common law, it does not displace the entire *source* of law altogether. *City of New York* v. *Chevron Corp.*, 993 F.3d 81, 95 & n.7 (2d Cir. 2021). Whether a party can obtain a remedy under federal common law is a *merits* question distinct from the *jurisdictional* question of whether federal common law supplies the rule of decision in the first instance. *See Oneida Indian Nation* v. *County of Oneida*, 414 U.S. 661, 675 (1974).

Moreover, as *City of New York* explained, displacement of federal common law by a legislative standard under the Clean Air Act does not render state law "competent to address" disputes concerning interstate pollution. 993 F.3d at 98; *see Tex. Indus., Inc.* v. *Radcliff Materials, Inc.*, 451 U.S. 630, 640–41 (1981) (Where "uniquely federal interests" warrant application of federal common law, it is "inappropriate for state law to control."). Indeed, such a result would be "too strange to seriously contemplate." *City of New York*, 993 F.3d at 99.

*Second*, even if federal common law does not provide an independent basis for removal, *Grable* allows removal of putative state-law claims necessarily governed by federal common law. The First Circuit considered *Grable* jurisdiction independently of federal common law, finding that federal law was not an "essential element" of the plaintiffs' claims. *Rhode Island*, 35 F.4th at 56–57. But because "federal common law *alone* governs" Plaintiff's claims, those claims necessarily raise essential elements of federal law under *Grable*. *Battle* v. *Seibels Bruce Ins. Co.*, 288 F.3d 596, 607 (4th Cir. 2002) (emphasis in original); *see also Newton* v. *Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001) (similar). In addition, there is *Grable* jurisdiction here because Defendants' liability for alleged consumer deception turns on statements to federal

policymakers, federal promotion of fossil fuels, and foreign policy judgments, all of which necessarily implicate substantial and disputed questions of federal law. *See* ECF No. 51 at 22–26.

*Third*, the First Circuit adhered to its previous ruling on federal officer jurisdiction. *See Rhode Island*, 35 F.4th at 53 n.6 (citing *Rhode Island* v. *Shell Oil Products Co., LLC*, 979 F.3d 50, 59 (1st Cir. 2020)). That decision considered a far more limited record than the one presented here. *See Rhode Island*, 979 F.3d at 59. For example, in this case, Defendants have demonstrated that the federal government "extensively supervised and controlled Defendants' production of fossil fuels and development of specialized military products in support of multiple war efforts." ECF No. 51 at 35.

*Fourth*, the First Circuit's federal enclave analysis is inapposite. The court held that the defendants' alleged deception and the plaintiffs' alleged climate injuries "occurred *outside* federal enclaves." *Rhode Island*, 35 F.4th at 58 (emphasis in original). Here, by contrast, the Attorney General seeks to hold Defendants liable for fossil fuel sales, in addition to climate-related injuries, in the District of Columbia, including those taking place *directly* on federal enclaves such as the Army Air Force Exchange Service Express stations at U.S. Army Fort Lesley J. McNair and Joint Base Anacostia-Bolling. *See* ECF No. 51 at 29–30.

*Fifth*, the First Circuit erroneously held that jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA") requires a direct physical connection to operations or injuries occurring on the Outer Continental Shelf ("OCS"). *See Rhode Island*, 35 F.4th at 59–60. This holding is inconsistent with the "broad" jurisdictional sweep of OCSLA, *Barker* v. *Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013), which Congress intended to "extend to the entire range of legal disputes" that may "arise relating to resource development" on the OCS, *Laredo Offshore Constructors, Inc.* v. *Hunt Oil Co.*, 754 F.2d 1223, 1228 (5th Cir. 1985) (cleaned up). In any event,

the Attorney General's own Complaint repeatedly identifies "unabated" and "expanded" oil and gas extraction as increasing greenhouse gas emissions and contributing to the District's climate-related injuries. ECF No. 1-14 ¶¶ 2, 101. That challenged conduct necessarily sweeps in Defendants' significant activities on the OCS

*Finally*, unlike here, *Rhode Island* did not involve removal based on diversity jurisdiction or the Class Action Fairness Act. The First Circuit's decision, therefore, has no bearing on those independent bases for removal.

DATED: June 17, 2022

Respectfully submitted,

By: /s/ *Theodore V. Wells, Jr.*

Theodore V. Wells, Jr. (D.C. Bar No. 468934)
Daniel J. Toal (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
E-mail: twells@paulweiss.com
E-mail: dtoal@paulweiss.com

Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7321
Fax: (202) 223-7420
E-mail: janderson@paulweiss.com

Patrick J. Conlon, (D.C. Bar No. 414621)
EXXON MOBIL CORPORATION

By: /s/ *Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr. (D.C. Bar No. 420440)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 229-7000
E-mail: tboutrous@gibsondunn.com

Thomas G. Hungar (D.C. Bar No. 447783)
Joshua S. Lipshutz (D.C. Bar No. 1033391)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
Tel: (202) 955-8500
E-mail: thungar@gibsondunn.com
E-mail: jlipshutz@gibsondunn.com

*Attorneys for Defendants CHEVRON CORP. and CHEVRON U.S.A., INC.*

By: /s/ *James W. Cooper*

James W. Cooper (D.C. Bar.

22777 Springwoods Village Parkway
Spring, TX 77389
Tel: (832) 624-6336
E-mail: patrick.j.conlon@exxonmobil.com

Craig Thompson (D.C. Bar No. 500168)
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Tel: (410) 244-7605
Fax: (410) 244-7742
E-mail: cathompson@venable.com

*Attorneys for Defendants*
*EXXON MOBIL CORPORATION and*
*EXXONMOBIL OIL CORPORATION*

By: */s/ David C. Frederick*

David C. Frederick (D.C. Bar No. 431864)
Grace W. Knofczynski (D.C. Bar. No. 1500407)
Daniel S. Severson (D.C. Bar. No. 208807)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
E-mail: dfrederick@kellogghansen.com
E-mail: gknofczynski@kellogghansen.com
E-mail: dseverson@kellogghansen.com

*Attorneys for Defendants SHELL PLC (F/K/A ROYAL DUTCH SHELL PLC) and SHELL USA, INC. (F/K/A SHELL OIL COMPANY)*

No. 421169)
Ethan Shenkman (D.C. Bar No. 454971)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel: (202) 942-5267
Fax: (202) 942-5999
E-mail: ethan.shenkman@arnoldporter.com
E-mail: james.w.cooper@arnoldporter.com

Nancy G. Milburn (*pro hac vice*)
Diana E. Reiter (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8383
Fax: (212) 836-8689
E-mail: nancy.milbum@arnoldporter.com
E-mail: diana.reiter@arnoldporter.com

John D. Lombardo (*pro hac vice*)
Matthew T. Heartney (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4120
Fax: (213) 243-4199
E-mail: john.lombardo@arnoldporter.com
E-mail: matthew.heartney@arnoldporter.com

Jonathan W. Hughes (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3156
Fax: (415) 471-3400
E-mail: jonathan.hughes@arnoldporter.com

*Attorneys for Defendants BP PLC and BP AMERICA INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 17, 2022, I caused the foregoing Response to Plaintiff's Notice of Supplemental Authority to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.3 to all counsel of record.

*/s/ Theodore V. Wells, Jr.*
Theodore V. Wells, Jr. (D.C. Bar No. 468934)