# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORP., *et al.*<br><br>Defendants. | Civil Action No. 20-1932 (TJK) |

## PLAINTIFF DISTRICT OF COLUMBIA'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff District of Columbia hereby notifies the Court of supplemental authority with respect to its Motion to Remand (Dkt. 46). *See City of Hoboken v. Chevron Corp.*, No. 21-2728, __ F.4th__, 2022 WL 3440653 (3d Cir. Aug. 17, 2022) (**Ex. A**). In *City of Hoboken*, the Third Circuit affirmed orders granting motions to remand two climate-related cases brought in state court by the City of Hoboken, New Jersey, and the State of Delaware. The court joined the First, Fourth, Ninth, and Tenth Circuits in holding that four of the removal theories Defendants raise here are meritless.

**"Governing" Federal Common Law:** The Third Circuit held the plaintiffs' state-law claims for nuisance, trespass, negligence, and statutory consumer protection did not arise under federal common law. It stated that "once in a great while" federal courts may "recharacterize a state law claim as a federal claim removable to federal court," but "only when some federal statute completely preempts state law." 2022 WL 3440653 at *2. The court noted, however, that "complete preemption is rare," and "[f]ederal law completely preempts state law only when there

1

is (1) a federal statute that (2) authorizes federal claims vindicating the same interest as the state claim." *Id*. "Unsurprisingly," the court held, "the companies cannot cite an applicable statute that passes this test." *Id.* The court rejected the "new form of complete preemption" the defendants suggested "that relies not on statutes but federal common law," and reiterated that the "test for complete preemption is the *only* basis for recharacterizing a state law claim as a federal claim removable to federal court." *Id.* at *3 (cleaned up).

*Grable*: The court held the complaints did not necessarily raise substantial questions of federal law either. The court stated that the defendants "rehash[ed] their common-law preemption argument" to identify a necessary federal issue, which was "the same wolf in a different sheep's clothing" as the defendants' federal common law complete preemption theory. *Id* at 4. That was so because "[t]he federal issue that the oil companies identify is whether federal common law governs these claims," but the court had already held "there is no complete preemption here" and "ordinary preemption is a *defense*." *Id*. That could not support removal because "[d]efenses are not the kinds of substantial federal questions that support federal jurisdiction." *Id.* The court likewise held that the "First Amendment problems" raised by the defendants likewise did not present a necessary federal issue, because "though the First Amendment limits state laws that touch speech, those limits do not extend federal jurisdiction to every such claim," and "[s]tate courts routinely hear libel, slander, and misrepresentation cases involving matters of public concern." *Id.*

**OCSLA:** The court held it lacked jurisdiction under the Outer Continental Shelf Lands Act. It held that the statute only extends jurisdiction to cases where a plaintiff's claims "target actions on or closely connected to the Shelf," *id.* at *7. Based on that reading, the court held that the plaintiffs' state law tort and consumer protection claims were "all too far away from Shelf oil production" to confer jurisdiction. *Id.* at *7.

**Federal Officer Removal:** Finally, the court held the defendants' relationships with the federal government, including leasing outer Continental Shelf lands for oil production, management of the Elk Hills Petroleum Reserve, operations with the government during World War II, and sales of specialty fuels to the military, were either "compli[ance] with run-of-the-mill regulations" that were "not enough for federal jurisdiction," or subject to disclaimers in the plaintiffs' complaints. *Id.* at *7–8.

Respectfully Submitted,

Dated: August 24, 2022

**KARL A. RACINE**
**Attorney General for the District of Columbia**

By:   */s/ Kathleen Konopka*

KATHLEEN KONOPKA [5531538]
  Deputy Attorney General
  Public Advocacy Division
DAVID S. HOFFMANN [983129]
  Assistant Attorney General
441 4th St., N.W.
Washington, DC 20001
(202) 741-5226
kathleen.konopka@dc.gov
david.hoffmann@dc.gov

By:   */s/ Quentin C. Karpilow*

VICTOR M. SHER (*pro hac vice*)
MATTHEW K. EDLING [1020217]
KATIE H. JONES (*pro hac vice*)
QUENTIN C. KARPILOW [1659323]
**SHER EDLING LLP**
100 Montgomery St., Ste. 1410
San Francisco, CA 94104
(628) 231-2500
vic@sheredling.com
matt@sheredling.com
katie@sheredling.com
quentin@sheredling.com

HASSAN A. ZAVAREEI [456161]
ANNA C. HAAC [979449]
KRISTEN G. SIMPLICIO [977556]
**TYCKO & ZAVAREEI, LLP**
1828 L Street NW, Suite 1000
Washington, DC 20036

3

(202) 973-0900
hzavareei@tzlegal.com
ahaac@tzlegal.com
ksimplicio@tzlegal.com

*Attorneys for the District of Columbia*