UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>        Plaintiff,<br><br>  v.<br><br>EXXON MOBIL CORP., EXXONMOBIL OIL CORPORATION, ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, BP P.L.C., BP AMERICA INC., CHEVRON CORPORATION, CHEVRON U.S.A. INC.,<br><br>        Defendants. | Civil Action No. 1:20-cv-01932-TJK |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Defendants write in response to Plaintiff's Notice of Supplemental Authority (ECF No. 112), regarding the Third Circuit's decision in *City of Hoboken* v. *Chevron Corporation*, 2022 WL 3440653 (3d Cir. Aug. 17, 2022) ("*Hoboken*").[1]  The D.C. Circuit has not yet addressed the issues relevant to the pending motion to remand in this case, and the Third Circuit's reasoning in *Hoboken* is not persuasive for several reasons, including those explained below.

*First*, the Third Circuit did not address whether the defendants' claims there actually arose under federal common law.  Rather, it treated the defendants' invocation of federal common law as an ordinary-preemption defense that could not support removal under the well-pleaded complaint rule.  *Hoboken*, 2022 WL 3440653, at *3.  Here, however, Defendants do not invoke federal common law as a defense; they contend that Plaintiff's nominally state-law claims to abate

---

[1] By filing this response, Defendants do not waive any right, defense, affirmative defense, or objection, including any challenges to personal jurisdiction over Defendants.

fossil fuel emissions necessarily and exclusively arise under the federal common law of transboundary pollution. Given this unique federal interest, it would be inappropriate for state or municipal law to control. *See City of New York* v. *Chevron Corp.*, 993 F.3d 81, 98–99 (2d Cir. 2021).

The Third Circuit also ruled that *statutory* complete preemption provides the only doctrinal basis to remove federal common law claims dressed in state-law garb. *Hoboken*, 2022 WL 3440653, at *2–3. But the Supreme Court has never so held, and distinguishing between statutory claims and claims necessarily and exclusively governed by federal common law would lead to bizarre results.[2] Because the latter claims would proceed in state court, state judges would develop the substantive content of federal common law, subject only to review by the Supreme Court. Through artful pleading and venue selection, plaintiffs could prevent the federal judiciary from developing federal common law in areas implicating uniquely federal interests—even in areas where, as here, the Supreme Court has already held that federal common law, and not state law, must apply. *See, e.g.*, *Illinois v. City of Milwaukee*, 406 U.S. 91, 103 (1972) ("When we deal with air and water in their ambient or interstate aspects, there is a federal common law[.]").

*Second*, the Third Circuit's analysis of *Grable* jurisdiction is similarly flawed because it rests on the same fiction that federal common law supplies only an ordinary-preemption defense. *Hoboken*, 2022 WL 3440653, at *3–4. Because "federal common law *alone* governs" Plaintiff's

---

[2] *See* Richard H. Fallon, Jr., et al., *Hart & Wechsler's Federal Courts and the Federal System* 819 (7th ed. 2015) (explaining there is "[n]o plausible reason" why "the appropriateness of and need for a federal forum should turn on whether the claim arose under a federal statute or under federal common law").

claims, resolving those claims necessarily requires the resolution of substantial federal questions. *Battle* v. *Seibels Bruce Ins. Co.*, 288 F.3d 596, 607 (4th Cir. 2002) (emphasis in original).

*Third*, the Third Circuit correctly recognized that the Outer Continental Shelf Lands Act does *not* require a causal connection between a defendant's operations on the Outer Continental Shelf ("OCS") and a plaintiff's claims. *Hoboken*, 2022 WL 3440653, at *4–5. But in holding that the requisite connection between the claims and conduct on the OCS was lacking, the court suggested that the plaintiffs' claims focused on fossil fuel combustion "hundreds or thousands of miles away" from the OCS. *Id.* at *6. That was error especially where, as here, Plaintiff takes issue with Defendants' conduct that leads to emissions, which necessarily includes exploration and production activities on the OCS.

*Fourth*, the Third Circuit's holding under the federal officer removal statute is erroneous for the reasons explained in Defendants' opposition to Plaintiff's motion to remand. *See* ECF No. 51 at 33–47. Moreover, the Third Circuit's holding rested in large part on the fact that the plaintiffs purportedly disclaimed injuries based on sales of fuels to the federal government, which Plaintiff here does not, and cannot, do.

*Finally*, unlike here, *Hoboken* did not involve removal based on diversity jurisdiction or the Class Action Fairness Act. The Third Circuit's decision, therefore, has no bearing on those independent bases for removal.

DATED:  September 2, 2022

Respectfully submitted,

By: /s/ *Theodore V. Wells, Jr.*

Theodore V. Wells, Jr. (D.C. Bar No. 468934)
Daniel J. Toal (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel:  (212) 373-3000
Fax:  (212) 757-3990
E-mail:  twells@paulweiss.com
E-mail:  dtoal@paulweiss.com

Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel:  (202) 223-7321
Fax:  (202) 223-7420
E-mail:  janderson@paulweiss.com

Patrick J. Conlon, (D.C. Bar No. 414621)
EXXON MOBIL CORPORATION
22777 Springwoods Village Parkway
Spring, TX 77389
Tel:  (832) 624-6336
E-mail:  patrick.j.conlon@exxonmobil.com

Craig Thompson (D.C. Bar No. 500168)
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Tel:  (410) 244-7605
Fax:  (410) 244-7742
E-mail:  cathompson@venable.com

*Attorneys for Defendants*

By: /s/ *Theodore J. Boutrous, Jr.*

Theodore J. Boutrous, Jr. (D.C. Bar No. 420440)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Tel:  (213) 229-7000
E-mail:  tboutrous@gibsondunn.com

Thomas G. Hungar (D.C. Bar No. 447783)
Joshua S. Lipshutz (D.C. Bar No. 1033391)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
Tel:  (202) 955-8500
E-mail:  thungar@gibsondunn.com
E-mail:  jlipshutz@gibsondunn.com

*Attorneys for Defendants CHEVRON CORP. and CHEVRON U.S.A., INC.*

By: /s/ *James W. Cooper*

James W. Cooper (D.C. Bar. No. 421169)
Ethan Shenkman (D.C. Bar No. 454971)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel:  (202) 942-5267
Fax:  (202) 942-5999
E-mail:  ethan.shenkman@arnoldporter.com
E-mail:  james.w.cooper@arnoldporter.com

Nancy G. Milburn (*pro hac vice*)
Diana E. Reiter (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP

*EXXON MOBIL CORPORATION and EXXONMOBIL OIL CORPORATION*

By: */s/ David C. Frederick*

David C. Frederick (D.C. Bar No. 431864)
Grace W. Knofczynski (D.C. Bar. No. 1500407)
Daniel S. Severson (D.C. Bar. No. 208807)
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
E-mail: dfrederick@kellogghansen.com
E-mail: gknofczynski@kellogghansen.com
E-mail: dseverson@kellogghansen.com

*Attorneys for Defendants SHELL PLC (F/K/A ROYAL DUTCH SHELL PLC) and SHELL USA, INC. (F/K/A SHELL OIL COMPANY)*

250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8383
Fax: (212) 836-8689
E-mail: nancy.milbum@arnoldporter.com
E-mail: diana.reiter@arnoldporter.com

John D. Lombardo (*pro hac vice*)
Matthew T. Heartney (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4120
Fax: (213) 243-4199
E-mail: john.lombardo@arnoldporter.com
E-mail: matthew.heartney@arnoldporter.com

Jonathan W. Hughes (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3156
Fax: (415) 471-3400
E-mail: jonathan.hughes@arnoldporter.com

*Attorneys for Defendants BP PLC and BP AMERICA INC.*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on September 2, 2022, I caused the foregoing Response to Plaintiff's Notice of Supplemental Authority to be electronically filed using the Court's CM/ECF system, and service was effected electronically pursuant to Local Rule 5.3 to all counsel of record.

                                              */s/ Theodore V. Wells, Jr.*
                                              Theodore V. Wells, Jr. (D.C. Bar No. 468934)