IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

        Plaintiff,

   v.

EXXON MOBIL CORP., *et al.*,

        Defendants.

Civil Action No. 1:20-cv-01932-TJK

## DEFENDANTS' EMERGENCY MOTION
## FOR A TEMPORARY STAY OF EXECUTION OF REMAND ORDER

Defendants respectfully move this Court to temporarily stay the execution of its order granting the Attorney General's motion to remand (the "Order"), Dkt. 117, to allow Defendants time to file a formal motion to stay remand pending appeal, which Defendants will file within ten days or as soon as the Court requests.[1]  Defendants further request that the Court instruct the Court Clerk not to send a certified copy of the Order to the D.C. Superior Court, in order to preserve the status quo until such time as Defendants' request for a stay pending appeal has been fully resolved. In accordance with Local Rule 7(m), Defendants conferred with counsel for the Attorney General who indicated that it objects to this emergency motion..

Yesterday, the Court granted the Attorney General's motion to remand, holding that the Court does not have jurisdiction over the Attorney General's claims.  Dkt. 118.  Defendants will soon appeal this decision to the D.C. Circuit, and also intend to file in this Court a motion to stay execution of the remand order pending the appeal.  Defendants have a right to appeal the Order because they removed this case in part under the federal officer removal statute.  While generally

---

[1]  This motion is submitted subject to and without waiver of any defense or objection, including personal jurisdiction, insufficient process, or insufficient service of process.

"[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal," an "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). The Supreme Court made clear that on appeal a court is to review "any issue fairly encompassed within" a remand order of a case removed pursuant to the federal officer removal statute. *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1540, 1542 (2021).

A temporary stay is warranted here to preserve Defendants' appellate rights and spare the parties and the D.C. Superior Court from what could be a substantial amount of unnecessary and ultimately futile litigation. If the Clerk were to transmit the remand order to the D.C. Superior Court, "[t]he State court may thereupon proceed with such case." 28 U.S.C. § 1447(c). As will be explained further in Defendants' forthcoming motion to stay pending appeal, Defendants' appeal will present serious legal issues, including many questions of first impression in the D.C. Circuit. Indeed, the D.C. Circuit has not yet considered on the merits the propriety of any of the grounds for removal asserted by Defendants in a climate change-related action and will be able to consider all of Defendants' grounds for removal on appeal. *See Baltimore*, 141 S. Ct. at 1540, 1542. Absent a stay, Defendants face irreparable harm, whereas a stay would cause the Attorney General no prejudice and, in fact, would serve the public interest and the interests of judicial economy.

Moreover, and *significantly*, the question of whether Plaintiff's claims can be governed by state law despite their national and international aspects has now been presented to the Supreme Court in two petitions for writs of certiorari, in *Suncor Energy (U.S.A.) Inc. v. Board of County Commissioners of Boulder County*, No. 21-1550 (U.S.) ("*Suncor*"), and *Mayor & City Council of Baltimore*, No. 22-361 (U.S.). And additional petitions for writs of certiorari in a number of

2

substantially similar climate change-related cases—*Chevron Corp. v. Cnty. of San Mateo*, No. 22A196 (U.S.), *Rhode Island v. Shell Oil Prod. Co.*, 35 F.4th 44 (1st Cir. 2022), and *City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101 (9th Cir. 2022)—are due to be filed this year.  If the Supreme Court determines that removal was proper, this case would immediately return to federal court and further proceedings in this Court will be entirely unnecessary.

There is a very real possibility that this will happen.  As Defendants will discuss in further depth in a more fulsome motion to stay, there is currently a split between the federal courts of appeals on the threshold question of whether federal common law applies to claims, like those asserted here, that seek redress from injuries allegedly caused by global climate change.  And, *critically*, on October 3, 2022, the Supreme Court issued an Order inviting the Solicitor General to file a brief expressing the views of the United States on the petition for a writ of certiorari in *Suncor* , a petition involving another set of climate change-related cases that were also remanded to state court.  This development *substantially increases* the likelihood that the Supreme Court will grant the certiorari petition.  In fact, as a result of the Supreme Court's Order, the District of Maryland recently granted a stay of execution of its remand order to state court and kept the case in federal court because "litigation in the state court now has potential to do more harm than good." *City of Annapolis v. BP P.L.C.*, 2022 WL 15523629, at *5 (D. Md. Oct. 27, 2022).  The same is true here.

Over the past four years, over 20 other state and municipal entities have filed similar climate change actions in courts across the country, all of which involve significant national interests.  In light of these significant national interests, this Court should allow Defendants time to seek a stay of remand pending appeal so that the D.C. Circuit can address these issues of first impression. As the First Circuit explained:  "If a motion to remand is granted by the district court

in a removed case and the remand order is appealable, the district court may wish to avoid immediately certifying the remand order and returning the case file to the state court until it believes the specter of shuttling has abated." *Forty Six Hundred LLC v. Cadence Educ., LLC*, No. 20-1784, 2021 WL 4472684, at *8 (1st Cir. Sept. 30, 2021). The First Circuit emphasized that a "district court would be well-advised, for example, to hold the matter in abeyance for a brief period or to direct the clerk of court to delay transmittal of the certified remand order. Either course of action would give the removing party an opportunity to move for a stay, to seek reconsideration, and/or to appeal the order and request a stay from the court of appeals." *Id.*

That is exactly what multiple federal courts in prior climate change-related cases have done. Courts in New Jersey, Connecticut, Delaware, Minnesota, Hawaii, Rhode Island, Maryland, and California have all allowed defendants time to brief a motion to stay pending appeal after a grant of remand. *See*, *e.g.*, Paperless Order, *City of Annapolis v. BP P.L.C., et al.*, No. 21-cv-772 (D. Md. September 27, 2022), ECF No. 171; Order, *State of Delaware v. BP America, Inc., et al.*, No. 20-cv-1429 (D. Del. Jan. 21, 2022), ECF No. 129; Order, *City of Hoboken v. Exxon Mobil Corp.*, No. 20-14243 (D.N.J. Sept. 9, 2021), ECF No. 127; Order, *Connecticut v. Exxon Mobil Corp.*, No. 20-1555 (D. Conn. June 11, 2021), ECF No. 56; Order, *Minnesota v. Am. Petroleum Inst.*, No. 20-1636 (D. Minn. Apr. 7, 2021), ECF No. 86; Order, *City & County of Honolulu* v. *Sunoco LP*, No. 20-163 (D. Haw. Feb. 16, 2021), ECF. No. 130; Order, *County of Maui v. Chevron U.S.A. Inc.*, No. 20-470 (D. Haw. Feb. 16, 2021), ECF. No. 101; Opinion and Order, *State of Rhode Island v. Chevron Corp. et al.*, No. 18-395 (D.R.I. July 22, 2019), ECF No. 122 at 16–17; Memorandum Opinion, *Mayor and City Council of Baltimore v. BP P.L.C. et al.*, No. 18-2357 (D. Md. June 20, 2019), ECF No. 182 at 3; Order Granting Motions to Remand, *County of San Mateo v. Chevron Corp. et al.*, No. 17-4929 (N.D. Cal. Mar. 16, 2018), ECF No. 223 at 5–6.

4

As Defendants highlighted for the Court in their February 25, 2021 filing (ECF No. 72 at 4), Judge Chhabria of the Northern District of California, for example, stayed execution of his remand order to allow defendants an opportunity to file a motion to stay pending appeal and then, in granting defendants' stay motion, explained:  "The Court finds that the[r]e are controlling questions of law as to which there is substantial ground for difference of opinion and that their resolution by the court of appeals will materially advance the litigation."  Order Granting Motions to Stay, *County of San Mateo v. Chevron Corp. et al.*, No. 17-4929 (N.D. Cal. Apr. 9, 2018), ECF No. 240.

Similarly, Chief Judge Tunheim of the District of Minnesota granted defendants' emergency motion for a temporary stay to allow the parties to brief a stay pending appeal.  Order, *Minnesota v. Am. Petroleum Inst.*, No. 20-01636 (D. Minn. Apr. 7, 2021), ECF No. 86.  Following briefing, Chief Judge Tunheim stayed execution of his remand order pending appeal, concluding that "this action raises *weighty and significant questions* that intersect with rapidly evolving areas of legal thought."  *Minnesota v. Am. Petroleum Inst.*, 2021 WL 3711072, at *2 (D. Minn. Aug. 20, 2021) (emphasis added).  More specifically, the court found that "the Second Circuit's decision in *City of New York* provides a legal justification for addressing climate injuries through the framework of federal common law," *id.* (discussing *City of New York* v. *Chevron Corp.*, 993 F.3d 81 (2d Cir. 2021)), and "the *Baltimore* decision increases the likelihood that an appellate court will determine that certain climate change claims arise exclusively under federal law," *id.* at *3.  The Court also noted that this "is not a case of applying thoroughly developed law to well-tread factual patterns; when it comes to questions of the proper forum for adjudicating harms related to climate change, 'the legal landscape is shifting beneath [our] feet.'"  *Id.* at *4.  For these and other reasons, the court concluded:  "Considerations of judicial economy and conservation of resources also

weigh in favor of staying execution of the remand order as the Eighth Circuit determines whether the state or federal court has jurisdiction over this matter." *Id.*  The same is true here—given the shifting "legal landscape," it makes eminent sense to stay the remand Order until the D.C. Circuit has the opportunity to weigh in on these important issues.  *Id.*

Similarly, the Second Circuit reversed the lower court and granted defendant's motion to stay pending appeal, finding that the "Appellant has made a sufficient showing that it is entitled to a stay."[2]  *Connecticut v. Exxon Mobil Corp.*, No. 21-1446 (2d Cir. Oct. 5, 2021), ECF No. 80.

Then-Chief Judge Leonard P. Stark of the District of Delaware allowed the parties time to brief a full motion to stay pending appeal, and then granted defendant's motion to stay pending appeal.  The court found that defendants "demonstrated that they would likely suffer irreparable harm pending appeal," as the appeal of the remand order is "guaranteed by statute," and that right "could be effectively eliminated (or at least seriously jeopardized) by a premature remand, causing irreparable harm."  *State of Delaware v. BP America, Inc., et al.*, No. 20-cv-1429 (D. Del. Feb. 8, 2022), ECF No. 134 at 5.  It explained that, if remanded, the state court could "rule on various substantive and procedural motions, including dispositive motions that require the adjudication of the parties' claims and defenses.  There may be no practical way to 'un-ring the bell' of the state court's intervening rulings," and thus "the likelihood of irreparable injury is real and not—as Plaintiff contends—'highly speculative.'"  *Id.* at 6.  The court also found that a stay pending appeal would "not substantially harm Plaintiff and w[ould] serve the public interest."  *Id.* at 7.  Indeed,

---

[2]  The day after the Second Circuit issued its stay order in *Connecticut*, the district court in a materially similar climate action, *City of New York v. Exxon Mobil Corp.*, No. 21-4807 (S.D.N.Y.), ECF No. 55, ordered plaintiff to show cause why the court should not also issue a stay pending the Second Circuit's decision in *Connecticut*.  In its response, plaintiff acknowledged "that the Court may prefer to wait for further guidance in *Connecticut* before proceeding with the City's pending motion to remand."  *Id.*, ECF No. 56.  The district court thereafter entered the stay.  *Id.*, ECF No. 58.

the court held that "[t]he interests of judicial economy and the conservation of public resources strongly favor a stay" as "[t]he public interest would be best served by avoiding the possibility of unnecessary or duplicative litigation." *Id.* The court also found that the litigation surrounding . . . remand presents a host of novel and complex issues of federal removal jurisdiction." *Id.* at 4. And because these issues "have been subject to little or no appellate review," the issue of removability leaves "reasonable room for disagreement," and "[d]efendants need only prevail on one of the[] [asserted] removal grounds in order to defeat the remand," the defendants had "made the necessary showing of a likelihood of success on appeal." *Id.* at 3–4.

Last month, Judge William H. Alsup of the Northern District of California stayed execution of his remand order *sua sponte* (and without briefing from the parties) "until all appeals are exhausted" when he issued his order granting plaintiffs' motion to remand in *City of Oakland v. BP p.l.c.*, 2022 WL 14151421, at *9 (N.D. Cal. Oct. 24, 2022).

And, most recently, Judge Stephanie A. Gallagher of the District of Maryland allowed defendants to seek a temporary stay of execution of her remand order, thereafter granting a stay pending appeal. *See* Paperless Order, *City of Annapolis v. BP P.L.C., et al.*, No. 21-cv-772 (D. Md. September 27, 2022), ECF No. 171; Order, *City of Annapolis v. BP P.L.C., et al.*, No. 21-cv-772 (D. Md. October 27, 2022), ECF No. 184. As noted above, Judge Gallagher stayed execution of her remand order in light of the recent call for the Solicitor General to provide the views of the United States in *Suncor*, explaining that "litigation in the state court now has potential to do more harm than good." *City of Annapolis v. BP P.L.C.*, 2022 WL 15523629, at *5 (D. Md. Oct. 27, 2022). "If state court were to reach dispositive or partially dispositive motions, those decisions could permanently harm either party's opportunity to fully litigate this case if the Supreme Court concludes that federal common law governs Plaintiffs' claims." *Id.* Given this state of play, a

temporary stay is warranted to preserve Defendants' appellate rights and spare the parties from what could be a substantial amount of unnecessary litigation in D.C. Superior Court.

For these reasons, Defendants respectfully ask the Court to temporarily stay the execution of the Order and instruct the Court Clerk not to send a certified copy of the Order to the D.C. Superior Court, pending resolution of Defendants' forthcoming motion to stay, which Defendants will file within ten days or as soon as the Court requests.

Dated: November 13, 2022

By: */s/ Theodore V. Wells, Jr.*
Theodore V. Wells, Jr. (D.C. Bar No. 468934)
Daniel J. Toal (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
Fax: (212) 757-3990
E-mail: twells@paulweiss.com
E-mail: dtoal@paulweiss.com

Justin Anderson (D.C. Bar No. 1030572)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7321
Fax: (202) 223-7420
E-mail: janderson@paulweiss.com

Patrick J. Conlon, (D.C. Bar No. 414621)
EXXON MOBIL CORPORATION
22777 Springwoods Village Parkway
Spring, TX 77389
Tel: (832) 624-6336
E-mail: patrick.j.conlon@exxonmobil.com

*Attorneys for Defendants EXXON MOBIL CORPORATION and EXXONMOBIL OIL*

Respectfully submitted,

By: */s/ Theodore J. Boutrous, Jr.*
Theodore J. Boutrous, Jr., (D.C. Bar No. 420440)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000
E-mail: tboutrous@gibsondunn.com

Thomas G. Hungar (D.C. Bar No. 447783)
Joshua S. Lipshutz (D.C. Bar No. 1033391)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
Tel: (202) 955-8500
E-mail: thungar@gibsondunn.com
E-mail: jlipshutz@gibsondunn.com

*Attorneys for Defendants CHEVRON CORP. and CHEVRON U.S.A.*

By: */s/ James W. Cooper*
James W. Cooper (D.C. Bar. No. 421169)
Ethan Shenkman (D.C. Bar No. 454971)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001-3743
Tel: (202) 942-5267
Fax: (202) 942-5999
E-mail: ethan.shenkman@arnoldporter.com

8

*CORPORATION*

By: */s/ David C. Frederick*
David C. Frederick (D.C. Bar No. 431864)
Grace W. Knofczynski (D.C. Bar.
No. 1500407)
Daniel S. Severson (D.C. Bar. No. 208807)
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
E-mail: dfrederick@kellogghansen.com
E-mail: gknofczynski@kellogghansen.com
E-mail: dseverson@kellogghansen.com

*Attorneys for Defendants SHELL PLC (F/K/A*
*ROYAL DUTCH SHELL PLC) and SHELL*
*USA, INC. (F/K/A SHELL OIL COMPANY)*

E-mail: james.w.cooper@arnoldporter.com

Nancy G. Milburn (*pro hac vice*)
Diana E. Reiter (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Fax: (212) 836-8689
E-mail: nancy.milburn@arnoldporter.com
E-mail: diana.reiter@arnoldporter.com

John D. Lombardo (*pro hac vice*)
Matthew T. Heartney (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER
LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4120
Fax: (213) 243-4199
E-mail: john.lombardo@arnoldporter.com
E-mail: matthew.heartney@arnoldporter.com

Jonathan W. Hughes (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER
LLP
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3156
Fax: (415) 471-3400
E-mail: jonathan.hughes@arnoldporter.com

*Attorneys for Defendants BP PLC and BP*
*AMERICA INC.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

           Plaintiff,

    v.

EXXON MOBIL CORP., *et al.*,

           Defendants.

Civil Action No. 1:20-cv-01932-TJK

**[PROPOSED] ORDER GRANTING DEFENDANTS' EMERGENCY MOTION FOR A
TEMPORARY STAY OF EXECUTION OF REMAND ORDER**

The Court orders that Defendants' emergency motion for a temporary stay of execution of this Court's remand order, Dkt. 117, is hereby GRANTED, and the Court's remand order is STAYED.  The stay shall remain in place until this Court rules on Defendants' forthcoming motion to stay pending appeal.

**SO ORDERED** this __ day of ____, 2022.

_____
The Honorable Timothy J. Kelly
United States District Judge