UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA,

    *Plaintiff*,

v.

EXXON MOBIL CORP. *et al.*,

    *Defendants*.

Civil Action No. 20-1932 (TJK)

### ORDER

The Court recently ordered this case remanded to the Superior Court of the District of Columbia. ECF No. 117. Defendants then moved to stay that order pending appeal. ECF Nos. 119 & 122. The Court agreed to stay its Order to permit briefing on Defendants' Motion. Minute Order of Nov. 14, 2022. Having reviewed that briefing, the Court now concludes Defendants' Motion to Stay Execution of Remand Order Pending Appeal should be denied.

The "most critical" factors courts must consider when deciding whether to stay an order pending appeal are (1) the applicant's likelihood of success on the merits and "(2) whether the applicant will be irreparably injured absent a stay." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation omitted). The other two relevant factors are "(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding[] and (4) where the public interest lies." *Id.* (quotation omitted). Regardless of the other factors, the Court cannot grant a stay absent irreparable harm, *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985), because the Court's power to render equitable relief depends on such "irreparable harm," *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (quotation omitted).

Defendants advance two theories of irreparable harm, but both are unavailing. First, they observe that they might have to litigate simultaneously their appeal from this case and the remanded case in state court. ECF No. 122-1 at 22–23. That situation, they say, would require them to expend substantial money and effort that a successful appeal would eventually obviate. *Id.* ("Defendants are unlikely to recover . . . discovery costs . . . and the burden of having proceeded unnecessarily is unrecoverable."). But it is well established that "money, time and energy necessarily expended in the absence of a stay," "however substantial," are not irreparable injuries. *Murray*, 415 U.S. at 90 (quotation omitted). So those potential harms cannot satisfy the second *Nken* factor.

Second, Defendants point out that the state court might render a final judgment on the merits, rendering their "right to appeal hollow." ECF No. 122-1 at 21. As another district court that considered this question noted, however, that possibility is "unlikely" here. *See Mayor and City Council v. BP P.L.C.*, No. 18-cv-2357 (ELH), 2019 WL 3464667, at *5 (D. Md. July 31, 2019). Defendants' putative harm can materialize only if the entire litigation in the Superior Court of the District of Columbia outpaces Defendants' appeal in this matter. Therefore, the Court cannot conclude that it is "both certain and great, actual and not theoretical, . . . and of such *imminence* that there is a clear and present need . . . to prevent irreparable harm." *Mexichem Specialty Resins, Inc v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015) (citation and internal quotation marks omitted). That theory, then, does not satisfy the second *Nken* factor either.

Some district courts facing similar motions in similar cases have found irreparable injury, but this Court disagrees with their reasoning. For example, one court observed that the defendants had a statutory right to appeal and characterized the duplicative litigation as irreparable injury because it would "defeat the very purpose of permitting an appeal." *Delaware ex. rel. Jennings v.*

*BP Am. Inc.*, No. 20-cv-1429 (LPS), 2022 WL 605822, at *3 (D. Del. Feb. 8, 2022) (quotation omitted). But that view ignores the fact that any harm to defendants from a duplicative appeal will come in the form of money and time expended. Those harms, as the Court has explained, categorically cannot support a stay. Another court simply found a higher likelihood that a "dispositive resolution" in state court would outpace the appeal. *Minnesota ex rel. Ellison v. Am. Petrol. Inst.*, No. 20-cv-1636 (JRT/HB), 2021 WL 3711072, at *3 (D. Minn. Aug. 20, 2021). But that mere possibility does not satisfy this Circuit's certainty and imminence requirements for irreparable injury.

Thus, absent a demonstrated irreparable injury, this Court cannot stay its remand order while Defendants' appeal proceeds. Defendants, however, have represented that they will "seek a stay from the D.C. Circuit" in the event this Court denies their Motion to Stay. ECF No. 122 at 2. To give them the opportunity to do so before the case is remanded to the Superior Court of the District of Columbia, the Court will continue a brief administrative stay of its remand order, ECF No. 117.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Stay Execution of Remand Order Pending Appeal, ECF No. 122, is **DENIED**. However, the Court's remand order will remain stayed through January 3, 2023, to provide Defendants the opportunity to seek relief in the Circuit.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: December 20, 2022