# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-7163**  **September Term, 2022**

**1:20-cv-01932-TJK**

**Filed On:** January 30, 2023

District of Columbia,

    Appellee

  v.

Exxon Mobil Corporation, et al.,

    Appellants

    **BEFORE:**    Katsas, Rao, and Pan, Circuit Judges

## O R D E R

    Upon consideration of the emergency motion for a stay pending appeal, the opposition thereto, and the reply, it is

    **ORDERED** that the motion for stay be denied. Appellants have not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021). In particular, they have not met this court's "high standard" for demonstrating irreparable injury. Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C. Cir. 2006). As the Supreme Court has emphasized, "Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." F.T.C. v. Standard Oil Co. of Cal., 449 U.S. 232, 244 (1980) (quoting Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24 (1974)). Likewise, as to appellants' contention that the proceedings on remand may deprive them of their claimed right to proceed in federal court, they have not shown that this alleged injury is "likely," as opposed to merely possible. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). It is

    **FURTHER ORDERED**, on the court's own motion, that this case be expedited and that the following briefing schedule apply:

        Appellants' Joint Opening Brief
        (not to exceed 13,000 words)        March 1, 2023

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 22-7163**  **September Term, 2022**

| | |
|---|---|
| Appendix | March 1, 2023 |
| Appellee's Brief<br>(not to exceed 13,000 words) | March 31, 2023 |
| Appellants' Joint Reply Brief<br>(not to exceed 6,500 words) | April 12, 2023 |

    The Clerk is directed to schedule this case for argument on the first appropriate date. The parties will be informed later of the date of oral argument and the composition of the merits panel.

    Appellant should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

    To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See <u>D.C. Circuit Handbook of Practice and Internal Procedures</u> 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

    Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

<u>**Per Curiam**</u>

                                                       **FOR THE COURT:**
                                                       Mark J. Langer, Clerk

                             BY:    /s/
                                                       Michael C. McGrail
                                                       Deputy Clerk